* Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6471 | **DATE** | 5/21/2002 |
| **CASE TITLE** | Cathey vs. Cox | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying the petitioner's petition for a writ of habeas corpus. The case is therefore terminated. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | Document Number |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAY 22 2002 date docketed | | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 17 |
| | Copy to judge/magistrate judge. | | 5/21/2002 | |
| | | 02 MAY 21 PM 4:35 | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES ex rel. MOSES )
CATHEY, )
        Petitioner, )
         )
v. ) No. 01 C 6471
         )
JAMES G. COX, Warden, Logan )
Correctional Center, )
         )
        Respondent. )

DOCKETED
MAY 2 2 2002

## MEMORANDUM OPINION AND ORDER

In 1994, Moses Cathey and Sidney Perry were arrested and charged with armed robbery and murder in connection with a holdup that resulted in a fatal shooting at a convenience store in Chicago, Illinois. Mr. Perry was convicted of murder and robbery, and Mr. Cathey was convicted of armed robbery, but acquitted of felony murder. He was sentenced to consecutive terms of 10 and 30 years in prison on two counts of armed robbery. He appealed directly on several grounds through the Illinois system, and exhausted his state postconviction remedies on some but not all of his claims. This is discussed below. He petitions for a writ of habeas corpus, and I deny the petition.

In August 2001, Mr. Cathey filed a petition for habeas corpus under 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), but at the request of the state, I dismissed his petition without prejudice under *Rose*

v. *Lundy*, 455 U.S. 509 (1993), because it contained both exhausted and unexhausted claims. In that petition, he argued that: (1) the trial judge erroneously dismissed his state post-conviction petition; (2) he was denied effective assistance of both trial and appellate counsel in violation of his constitutional rights, and (3) he was denied due process and equal protection when the Illinois Appellate Court allowed the legally inconsistent verdicts to stand. The theory behind (2) was apparently that counsel failed to attack the consecutive sentences. The theory behind (3) was that Mr. Cathey could not have been consistently convicted of armed robbery and also acquitted of felony murder. From my review of the record, it does not appear that (1) stated an additional ground for relief part from those indicated in (2) and (3).

The state urged dismissal of the original petition without prejudice, noted that the Illinois Appellate Court had ruled that the Illinois Circuit Court's dismissal of the inconsistent verdicts claim on state postconviction collateral review was proper, but it reversed the lower court's dismissal of the consecutive sentences claim. The state wanted me to give Mr. Cathey a chance to exhaust that claim, and I did.

Mr. Cathey now files an amended petition. In it, he restates his three grounds, recounts the above history, but says that "the issue of inconsistent verdict . . . is the basis of [petitioner's] habeas corpus petition," and asks for "leave to amend his habeas

corpus petition p.s. [sic] Ground two, petitioner was denied effective assistance of counsel . . . [by failure of counsel] to raise the issue of legally inconsistent verdicts." He asks for counsel to "further represent petitioner's claim." (I denied the motion for appointment of counsel.) There is some unclarity here as to what Mr. Cathey means: he offers three (really two) claims, one exhausted and one not, and suggests that the state's "statement [that it would be inappropriate to presume that petitioner intended only to raise the inconsistent verdicts claim] can be supported by petitioners' petition." But then, as noted, he twice expressly says that he means to proceed on the grounds of the inconsistent verdicts claim alone, and he asked for appointed counsel to represent his "claim" [singular]. Obviously he is not a legal scholar, but I believe that he wants me to decide his petition on the inconsistent verdict grounds alone, waiving any claim based on the consecutive sentences ground for purposes of this petition.[1] I do so.

To establish ineffective assistance of counsel, Mr. Cathey must demonstrate that: (1) his counsel's performance was so deficient as to fall below an objective standard of reasonableness under "prevailing professional norms" and (2) the deficient performance so prejudiced the defense as to deny him a fair trial.

---

[1] It is not clear whether the Illinois trial court has resentenced Mr. Cathey, but the Illinois Appellate Court did find that the consecutive sentences were improper under Illinois law.

-3-

*Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To establish the deficiency of counsel's performance, Mr. Cathey also must overcome the strong presumption that "the challenged action might be considered sound . . . strategy." *Id.* at 689. Finally, even if it was not professionally reasonable, a decision by counsel "does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691.

Mr. Cathey's claim is that his trial and appellate counsel rendered ineffective assistance by not raising the grounds that it was legally inconsistent of the jury to acquit him of felony murder but convict him of the underlying felony. The idea that the verdicts are inconsistent seems to be the reverse of the rule that "[a]ccountability for felony murder . . . exists only if defendant may be deemed legally responsible for the felony that accompanies the murder." *People v. Shaw*, 713 N.E.2d 1161, 1174 (Ill. 1999). Mr. Cathey argues, contrariwise, that if he is deemed legally responsible for the underlying felony, he must be found guilty of felony murder for any homicides occurring during those felonies, so the verdicts were inconsistent.

There is no rule that a guilty verdict in a felony requires a guilty verdict in any charged homicide associated with the felony, much as prosecutors might like to have such an instruction. The verdicts here are not inconsistent, that is, they do not "necessarily involve the conclusion that the same essential element

-4-

is found to both exist and not exist." *In Interest of Sanders*, 401 N.E.2d 1118, 1122 (Ill. App. Ct. 1980). Here, the not-guilty verdict is not a finding that some essential element of the crime of armed robbery did not exist but a finding that the elements of felony murder were not proven as to Mr. Cathey. *People v. Austin*, 264 Ill. App. 3d 976, 637 N.E.2d 585, 587 (Ill. App. 1994).

Moreover, even if the verdicts were inconsistent, in Illinois, "legal inconsistency in the finding should not, on a per se basis, require reversal of the conviction." *People v. O'Malley,* 439 N.E.2d 998, 1004 (Ill. App. Ct. 1982). The question is rather whether the totality of circumstances show that the defendant was not found guilty beyond a reasonable doubt. *Id.* Furthermore, a logically inconsistent verdict may also suggest that the jury was "exercis[ing] its historic power of lenity." *People v. Dawson*, 326 N.E.2d 755, 756-57 (Ill. 1975). Therefore, at least where, as here, any purported inconsistency is to the defendants' benefit, it cannot be ineffective assistance of counsel not to raise the issue in challenging the verdict. "It is not deficient performance to fail to raise an argument with no real chance of success." *Hough v. Anderson,* 272 F.3d 878, 898 & n.8 (7th Cir. 2001). Mr. Cathey's petition for habeas corpus is DENIED.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: May 21, 2002

-5-